We have mentioned here the only points in the case which seem to require discussion, and we are of opinion that the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.

(89 App. Div. 207.)
### MULLIGAN v. METROPOLITAN ST. RY. CO.
(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. CARRIER—INVITATION TO TAKE PASSAGE.
   Where one signaled a motorman of a street car, who was looking toward him, and who then slowed up the car, there was enough to warrant the inference that the signal was seen, and the car slowed up to permit the taking of passage on it.

2. SAME—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE.
   Where one stepped aboard a car when it had almost stopped, and was injured by its sudden starting, it cannot be said, as a matter of law, that he was guilty of contributory negligence.

3. TRIAL—REMARK OF COUNSEL.
   On objection to counsel's remark that he would show that "attempts had been made, and witnesses spirited away," the court said, "Unless he proves it, I will instruct the jury to disregard the statements," and no exception was taken. Evidence of an attempt to bribe a witness to absent himself was introduced. The court's attention was not again called to the matter. Held, that the remark affords no warrant for reversal.

Appeal from Trial Term, Kings County.

Action by Matthew Mulligan against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Bayard H. Ames (Arthur Ofner, on the brief), for appellant.

Stephen C. Baldwin, for respondent.

WILLARD BARTLETT, J. This is a negligence suit, in which the plaintiff, a carpenter 36 years old, has recovered $10,500 damages for the loss of his left leg. According to his testimony, he approached the track of the defendant's railroad in Third avenue, near Twelfth street, intending to board a car and go downtown. As the car approached, he put up his hand for the motorman to stop. The motorman was looking toward the plaintiff. He turned on the brake and stopped the car, or, as the plaintiff puts it subsequently: "When I tried to get on the car, it was going as slow as it could go, almost. It was to a stop." The plaintiff put his foot on the running board and grasped a stanchion, when the conductor rang the bell and the car started at such a rate of speed that the plaintiff lost his balance, struck an elevated railroad pillar with his right shoulder, tumbled off the car, and became unconscious. The fall resulted in injuries which necessitated the amputation of his leg.

¶ 2. See Carriers, vol. 9, Cent. Dig. § 1369.

The first point of the appellant is that there is no evidence of the defendant's negligence. This is based chiefly on the argument that there was no invitation from the motorman to the plaintiff to enter the car, the mere slackening of speed being no proof of such invitation. But there was something more. The plaintiff gave a signal to the motorman indicating his desire to board the car, and he tells us that the motorman was looking toward him at the time. This was enough to warrant an inference that the motorman saw the plaintiff, and slowed up his car still further for the purpose of allowing the plaintiff to take passage on it, especially when we consider that the motorman, who could have disproved this inference if it were incorrect, was not called as a witness by the defendant. There is, it seems to me, absolutely no basis in the proof for the suggestion that the plaintiff was guilty of contributory negligence, as matter of law.

In his opening to the jury, Mr. Baldwin, counsel for the plaintiff, said he would show that "attempts had been made, and witnesses spirited away in this case." Mr. Yonge, for the defendant, objected to this as improper and manifestly unfair, whereupon the court said: "Unless he proves it, I will instruct the jury to disregard the statements." Testimony was introduced in behalf of the plaintiff to the effect that an agent of the defendant corporation had attempted to bribe one of the plaintiff's witnesses to absent himself from the trial. The matter did not come up again, nor was the court's attention called to it in any manner. No exception was taken by defendant's counsel to the ruling of the trial judge at the time Mr. Baldwin made his statement. In view of these facts and the proof offered in support of that statement, it affords no warrant for a reversal. The judgment and order should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.